**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

INTER-TEL, INC., an Arizona Corporation,
                        Plaintiff,

vs.                              CASE NO: 8:04CV2224-T-17MSS

WEST COAST AIRCRAFT ENGINEERING,
INC., a Florida Corporation; SCOTT EVASCHUK,
Individually and as agent for West Coast Aircraft
Engineering, Inc.; AMERICAN AIRCRAFT
SALES INTERNATIONAL, INC., a Florida
Corporation; THOMAS GIPE, individually, and
as agent for American Aircraft Sales International, Inc.
                        Defendants.
_____/

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on Defendant Scott Evashuk's Motion to Dismiss (Doc. No. 12) and Plaintiff's response thereto (Doc. No. 14).[1]

**I. STANDARD OF REVIEW**

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that Plaintiff can prove no set of facts that support a claim upon which relief can be given. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed 80 (1957). A trial court, in ruling on a motion to dismiss, must view the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 945 S.Ct. 1683, 40 L.Ed.2d 90 (1974). "Where a more carefully drafted complaint might state a claim, a Plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F. 2d 1108, 1112 (11th Cir. 1991).

**II. BACKGROUND**

Plaintiff, Inter-Tel, Inc., filed this action on October 7, 2004. The caption of Plaintiff's Original Complaint (Doc. No. 1) identifies Plaintiff as Inter-Tel, Inc., an Arizona corporation.

---

[1] Defendant, West Coast Aircraft Engineering, filed the motion to dismiss with Mr. Evaschuk. However, West Coast Aircraft Engineering has filed for bankruptcy and all proceedings involving West Coast are stayed. (See Doc. No. 23).

CASE NO.  8:04CV2224-T-17MSS

Attached as Exhibit A to Plaintiff's Complaint is a written Purchase Offer.  Attached as Exhibit B to Plaintiff's Complaint is a written Letter of Interest Agreement.  These two documents set forth, in part, the terms of the transaction that allegedly forms the basis of the Plaintiff's claims.  The entities listed as parties to both documents are American Aircraft Sales International, Inc., a Florida corporation named as a Defendant in this action, and Inter-Tel Technologies, Inc.

### III.  DISCUSSION

Courts may consider exhibits attached to a complaint on a motion to dismiss for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).  When a written instrument contradicts allegations in the complaint to which it is attached, the exhibit generally trumps the allegations.  **Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend**, 163 F.3d 449 (D. Ind. 1998).  The named plaintiff in this action, Inter-Tel, Inc., conflicts with the named party to the documents attached as Exhibits A and B.  This Court must conclude that the entity described in Plaintiff's allegations is in fact Inter-Tel Technologies, Inc., and not Inter-Tel, Inc.  Because Inter-Tel Technologies, Inc. is not the entity properly set forth as a Plaintiff in this action, the Complaint presently fails to state a cause of action.  Fed. R. Civ. P. 10(a).  Accordingly, it is

**ORDERED** that the Motion to Dismiss (Doc. No. 12) be **GRANTED** without prejudice and the Plaintiff shall have **ten (10) days** from this date to file an amended complaint against all appropriate defendants.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 10th day of June, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.