## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

INTER-TEL, INC., an Arizona corporation;
And INTER-TEL TECHNOLOGIES, INC., an
Arizona corporation,

                Plaintiffs,

v.                                      Case No.: 8:04CV-02224-T-17MSS

WEST COAST AIRCRAFT ENGINEERING,
INC., a Florida corporation; SCOTT
EVASCHUK, individually and as agent for
West Coast Aircraft Engineering, Inc.;
AMERICAN AIRCRAFT SALES INTER-
NATIONAL, INC., a Florida corporation;
THOMAS GIPE, individually, and as agent
for American Aircraft Sales International, Inc.,

                Defendants.

_____/

## ORDER

      This cause is before the Court on Plaintiffs, Inter-Tel, Inc. and Inter-Tel Technologies, Inc.'s, motion to strike Defendants, American Aircraft Sales International, Inc. and Thomas Gipe's, motion to dismiss the first amended complaint of Plaintiff Inter-Tel, Inc., filed August 5, 2005 (Dkt. 41, 42), and American Aircraft Aircraft Sales International, Inc. and Thomas Gipe's response thereto, filed August 15, 2005 (Dkt. 43).

### I. Background

      On October 7, 2004, Plaintiff Inter-Tel, Inc. filed this action against Defendants West Coast Aircraft Engineering, Inc. (West Coast), Scott Evaschuk (Evaschuk), American Aircraft Sales International, Inc. (American), and Thomas Gipe (Gipe), alleging breach of contract, violation of the Florida Deceptive and Unfair Trade Practices Act, breach of fiduciary and other common law or statutory duties, negligence, breach of express warranty, breach of implied warranty, and fraud that arose out of the sale of an aircraft (Dkt. 1). American and Gipe answered the complaint and made a cross-claim against West Coast on November 5, 2004 (Dkt. 10). Subsequently, on November 15,

Case No.: 8:04CV-02224-T-17MSS

2004, Evaschuk and West Coast filed a motion to dismiss, alleging that Inter-Tel Technologies, Inc., and not the named plaintiff, Inter-Tel, Inc., was a party to the contract (Dkt. 12).  This Court granted Defendants' motion to dismiss on June 10, 2005, and it allowed Plaintiffs ten days to file an amended complaint (Dkt. 31).  Inter-Tel, Inc. and Inter-Tel Technologies, Inc. filed an amended complaint on June 14, 2005 (Dkt. 32).  American and Gipe subsequently moved to dismiss the amended complaint of Inter-Tel, Inc. on July 12, 2005 (Dkt. 34, 35).  Inter-Tel, Inc. and Inter-Tel Technologies, Inc. moved to strike American and Gipe's motion to dismiss on August 5, 2005 (Dkt. 41, 42), and American and Gipe filed a memorandum in opposition on August 15, 2005 (Dkt. 43).

Plaintiffs ask this Court to strike American and Gipe's motion to dismiss because it is "frivolous, vexatious, and without sufficient basis under the Federal Rules of Civil Procedure."  Specifically, Plaintiffs contend that American and Gipe waived their right to make a Rule 12(b)(6) motion for two reasons.  First, American and Gipe filed an answer to the initial complaint, which is exactly the same as the amended complaint, except for the addition of Inter-Tel Technologies, Inc. as a plaintiff.  Second, the attorneys for American and Gipe made oral assurances to Plaintiffs' attorney that they would not oppose an amendment to the complaint.  To support its argument, Plaintiffs have provided an affidavit from Thomas A. Peppler, counsel for Plaintiff, which details the assurances made to him by defense counsel, as well as a follow-up letter that Mr. Peppler sent to Daniel Joy, counsel for the defense.

Defendants American and Gipe oppose Plaintiffs' motion to strike on two bases.  First, they contend that Rule 12(f) does not authorize the striking of motions.  Second, they contend that they did not waive their right to make a Rule 12(b)(6) motion.  They allege that no authority supports Plaintiffs' assertion that answering an initial complaint effectively waives the right to oppose subsequent amended complaints with a Rule 12(b)(6) motion.  Furthermore, they suggest that Plaintiffs mischaracterize the oral assurances made to Plaintiffs' counsel and that those assurances should not foreclose a Rule 12(b)(6) motion to dismiss.  To support their argument, Defendants have provided an affidavit from Daniel Joy, counsel for Defendants American and Gipe, which details his version of the telephone conference with Mr. Peppler.

Case No.: 8:04CV-02224-T-17MSS

## II. Discussion

Federal Rule of Civil Procedure 12(f) provides that the Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This Court has consistently held that Rule 12(f) provides only for the striking of pleadings, not motions. Weiss v. PPG Industries, Inc., 148 F.R.D. 289, 292 (M.D. Fla. 1993) (stating that "[a] motion is not a pleading, and thus a motion to strike a *motion* is not proper under 12(f)"); Marroni v. Gunderson, 169 F.R.D. 168, 170 (M.D. Fla. 1996).

Plaintiffs' arguments regarding the Defendants' alleged waiver of the right to file a Rule 12(b)(6) motion would properly appear in Plaintiffs' response to Defendants' motion to dismiss. Accordingly, it is

## III. Conclusion

**ORDERED** that Plaintiffs' motion to strike Defendants' motion to dismiss be **DENIED** and Plaintiffs shall have **ten (10) days** from this date to file a response to Defendants' motion to dismiss.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 3rd day of October, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record

3