**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

INTER-TEL, INC., an Arizona corporation;
and INTER-TEL TECHNOLOGIES, INC., an
Arizona corporation,

    Plaintiffs,

vs.                                    CASE NO. 8:04-CIV-2224-T-17-MSS

WEST COAST AIRCRAFT ENGINEERING,
INC., a Florida corporation; SCOTT EVASCHUK,
individually and as agent for West Coast Aircraft
Engineering, Inc.; AMERICAN AIRCRAFT SALES
INTERNATIONAL, INC., a Florida corporation; and
THOMAS GIPE, individually, and as agent
for American Aircraft Sales International, Inc.,

    Defendants.
_____/

**ORDER DENYING MOTIONS TO DISMISS**

       This cause is before the Court on the Defendants, American Aircraft Sales International, Inc.'s (American) and Thomas Gipe's (Gipe), motion to dismiss the first amended complaint of Plaintiff Inter-Tel, Inc. (Docket No. 34); American and Gipe's motion to dismiss the first amended complaint of Plaintiff Inter-Tel Technologies, Inc. (Docket No. 35) and responses thereto (Docket Nos. 45 and 46).

**Background**

CASE NO. 8:04-CIV-2224-T-17-MSS

On October 7, 2004, Plaintiff, Inter-Tel, Inc. (Inter-Tel), without naming Inter-Tel Technologies, Inc. (Technologies), filed this action against Defendants, West Coast Aircraft Engineering, Inc. (West Coast), Scott Evaschuk (Evaschuk), American Aircraft Sales International, Inc. (American), and Thomas Gipe (Gipe), alleging breach of contract, violation of the Florida Deceptive and Unfair Trade Practices Act, breach of fiduciary and other common law or statutory duties, negligence, breach of express warranty, breach of implied warranty, and fraud that arose out of the sale of an aircraft (Docket No. 1).  The defendant West Coast filed bankruptcy and a stay is in effect as to that defendant (Docket No. 23).  American and Gipe answered the complaint and made a cross-claim against West Coast, which was also stayed on November 5, 2004 (Docket No. 10).

Subsequently, on November 15, 2004, Evaschuk and West Coast filed a motion to dismiss, alleging that Inter-Tel Technologies, Inc., and not the named plaintiff, Inter-Tel, Inc., was a party to the contract (Docket No. 12). This Court granted Defendants' motion to dismiss on June 10, 2005, and it allowed Plaintiffs ten days to file an amended complaint (Docket No. 31). Inter-Tel, Inc. and Inter-Tel Technologies, Inc. filed an amended complaint on June 14, 2005 (Docket No. 32).  The amended complaint states that Inter-Tel Technologies is wholly-owned and wholly-controlled subsidiary of Inter-Tel, Inc.  The amended complaint refers to the two entities as one plaintiff.  The amended complaint sets forth the following causes of action: Count I-Breach of Contract, Count II-Breach of Duty; Count III-Negligence, Count IV-Express Warranty; Count V-Implied Warranty; Count-VI Fraud, and Count VII-violation of the Florida Deceptive Unfair Trade Practices Act (Trade Practices Act).

American and Gipe subsequently filed the instant motions to dismiss as to both plaintiffs  (Docket Nos. 34 and 35).  The defendants state that the amended complaint should be dismissed because "the exhibit attached to the complaint contradicts the allegations of the

CASE NO. 8:04-CIV-2224-T-17-MSS

complaint and that the allegations contained in the complaint establish that [plaintiffs do] not have a claim for relief against the defendants AMERICAN AIRCRAFT and/or GIPE."

## **STANDARD OF REVIEW**

A district court should not dismiss a complaint unless it appears, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. See Blumer v. Mylander, 919 F.Supp. 423, 425 (M.D. Fla. 1996). At a minimum, the Federal Rules of Civil Procedure require a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." See Conley, 355 U.S. at 47 (quoting Fed. R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss, the court may only examine the four corners of the complaint. See Rickman v. Precisionaire, Inc., 902 F.Supp. 232, 233 (M.D. Fla. 1995). "The threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." Ancata v. Prison Health Serv., Inc., 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted).

In addition, a court must accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Howery v. Nisus, Inc., 910 F.Supp. 576 (M.D. Fla. 1995). However, when on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. See Executive 100, Inc. v. Martin County, 922 F.2d 1536 (11th Cir. 1991).

CASE NO. 8:04-CIV-2224-T-17-MSS

### Discussion

First, the Court will address whether the motions to dismiss as to both defendants should be allowed to proceed due to a waiver issue.  The plaintiffs allege that the defendants waived their right to object to the first amended complaint because they filed an answer to the original complaint in this case and because the defendants' attorney specifically waived any opportunity to oppose the complaint.  The Court has considered this issue and finds that the plaintiffs have established, without opposition, that defendants did, in fact, waive the right to file the motions to dismiss.  The issues raised in the motions to dismiss may be raised by way of motion for summary judgment, if appropriate.  Accordingly, it is

**ORDERED** that Defendants' motions to dismiss the first amended complaint of Plaintiff Inter-Tel, Inc. (Docket No. 34) and of Plaintiff Inter-Tel Technologies, Inc. (Docket No. 35) be **denied** and the defendants shall file an answer to the First Amended Complaint in ten (10) days from this date.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 31st day of March, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record