```
             UNITES STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

INTER-TEL, INC.,
an Arizona corporation; and
INTER-TEL TEHNOLOGIES, INC.,
An Arizona corporation

      Plaintiff,

                      Case No: 8:04 CV 2224-T-17MSS

vs.

WEST COAST AIRCRAFT ENGINEERING,
INC., a Florida corporation; SCOTT
EVASCHUK, individually and as agent
for West Coast Aircraft Engineering, Inc.;
AMERICAN AIRCRAFT SALES INTERNATIONAL, INC.,
a Florida Corporation; THOMAS GIPE, individually,
and as agent for American Aircraft Sales
International, Inc.

      Defendants.
_____ /


### AASI'S RESPONSE TO THE PLAINTIFFS' MOTION TO STRIKE THE AFFIDAVIT OF THOMAS GIPE

The Plaintiffs ask the court to strike the affidavit of Thomas Gipe upon the allegations that the affidavit conflicts with his prior deposition testimony.

#### The Propriety of the Motion to Strike

A motion to strike is not the proper means to attack an affidavit. *Ludwig v. Liberty Mutual Fire Insurance*

*Company*, 2005 U.S. Dist. Lexis 37718 (M.D.-Fla.). In that case, this court wrote,

> Under *Federal Rule of Civil Procedure 12(f)*, upon the motion of any party, the court may order any "redundant, immaterial, impertinent, or scandalous matter" stricken from any pleading. *Fed. R. Civ. P. 12(f)* (2004). Generally, a motion to strike is denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Pashoian v. GTE Directories n/k/a Verizon Directories.* 208 F. Supp. 2d 1293, 1297 (M.D. Fla. 2002) (citing *Story v. Sunshine Foliage World. Inc.*, 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000) (quoting *Seibel v. Society Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997))). Most importantly, a motion to strike is limited to the matters contained within the pleadings. *McNair v. Monsanto. 279 F. Supp. 2d 1290, 1298 (M.D. Ga. 2003)* (stating that a motion to strike that addresses affidavits is not proper). Under *Federal Rule of Civil Procedure 7(a)*, pleadings include only the complaint, the answer, the reply to any counterclaim, and the answer to any cross-claim. *Fed. R. Civ. P. 7(a)* (2004). To object to the substance contained in a motion, the opposing party should raise such objections in the material it submits in opposition to the motion, rather than in a motion to strike. *Smith v. Southeastern Stages, Inc.*, 479 F. Supp. 593, 594-595 (N.D. Ga. 1977). The court can then consider and rule upon the objections when it decides whether to grant the motion. *Id. at 595.*

### Addressing the Alleged Contradictions

Additionally, the claim made by Inter-Tel is incomplete and therefore misleading. The question posed by counsel for the Plaintiffs to Mr. Gipe is as follows:

> Q. Did you have any discussions with Mr. Rauchle about the terms and conditions of the letter of

2

>intent agreement [EX 11] after you faxed it to him?
>
>A.   I don't remember that we did.

From that question and answer, the Plaintiffs assert the claim that Mr. Gipe did not participate in any discussions that led to the execution of the purchase agreement. The document to which Plaintiff's counsel referred Mr. Gipe came at the end of a process that began with a document about which counsel for the Plaintiff did not question Mr. Gipe.  That document is the first draft of the letter of intent submitted by AASI to ITT, which document is EX 9.

AASI initially submitted a proposed form [EX 9]. Someone modified it [EX 10].  The form of agreement that the parties signed as different from the first two drafts [EX 11].  Counsel for the plaintiff did not focus on this process except to repeatedly ask Mr. Gipe whether he drafted the language of any of the drafts.  Mr. Gipe responded on each occasion that he had not.  Counsel for the Plaintiffs did not ask Mr. Gipe whether he had any discussions with Mr. Rauchle about the terms and conditions of the proposed purchase agreement.

Plaintiffs based the motion to strike the Gipe affidavit upon the claim that it allegedly conflicts with Mr. Gipe's answer that he did not recall whether he talked

3

to Mr. Rauchle about the final form of what became the agreement between the parties.

Counsel for the Plaintiffs complains, "Suddenly, at ¶ 10 of his affidavit, Gipe steps forward as the negotiator of the terms of the transaction with Craig Rauchle." Here is what Mr. Gipe stated in his affidavit,

> I negotiated the terms of the transaction with Craig Rauchle. I submitted an initial proposed agreement. Rauchle made several modifications to the draft. The parties signed the written agreement on June 30, 2003.

No conflict exists between the testimony that he did not discuss EX 11 with Rauchle after he faxed it to him and the affidavit testimony that he had discussions with Rauchle, as such discussions took place prior to the time that Mr. Gipe faxed the draft that the parties signed. Counsel for the Plaintiff, before leveling the charges of contradicting himself, apparently failed to consider the fact that he failed to ask Mr. Gipe whether he had any discussions with Mr. Rauchle at any time and, if so, what the two had discussed.

As far as this point is concerned, the Plaintiff's allegation that Mr. Gipe "attempts to baldly repudiate his own depositional testimony" in the affidavit is simply wrong.

The real target of the Plaintiffs' complaint is ¶ 11 of the Gipe affidavit, wherein he describes how West Coast Aircraft Engineering came to be designated as the facility for the pre-purchase inspections. Mr. Gipe stated in his affidavit,

> Given the interior work that AASI agreed to do, Charles Tolbert suggested that I suggest to Inter-Tel that the Lear 31ER and the Citation 500 undergo the "pre-purchase" inspections in Sarasota where AASI would be doing the up-grade work on the Lear 31ER that Inter-Tel wanted. Any claim that I insisted that the "pre-buy" be done at West Coast Aircraft Engineering is false. Rauchle told me that Inter-Tel was anxious to get the aircraft it wanted to acquire into service. I suggested it as it would save time for all parties if both parties used West Coast Aircraft Engineering to do the pre-purchase inspections. Inter-Tel agreed that it made sense. The provision that Inter-Tel would have West Coast conduct the pre-purchase inspections for Inter-Tel was included in the contract signed by both parties.

Had counsel for the Plaintiff asked Mr. Gipe about how Inter-Tel came to designate WCAE to do its pre-purchase inspection work on the Lear 31ER, he would have gotten the same testimony.

Plaintiffs raise a second claim. They claim that Mr. Gipe was absolutely certain that he had not had any contact or discussion with Evaschuk regarding the Learjet. (¶ 12, Motion to Strike Gipe Affidavit) The characterization of Gipe's testimony contained in the motion goes well beyond

5

what he actually said.  Mr. Gipe actually testified that he did not recall speaking to Mr. Evaschuk about the pre-purchase inspection.

The Plaintiffs point to ¶ 13 of the Gipe affidavit as a further allegation of Gipe contradicting himself. (¶ 16 of the Motion to Strike Gipe's Affdavit)  In ¶ 13, Mr. Gipe swore to the accuracy of the following,

> I have read the affidavit of Charles F. Tolbert. All statements contained in that affidavit that involve me or relate to me are true.

Presumably, counsel for the plaintiff intended to refer the court to ¶ 12 of the Gipe affidavit wherein he states under oath,

> I have read the affidavit of Scott Evaschuk filed in this case.  With regard to the statements that suggest or imply that Scott Evaschuk told me that his company did not do "pre-purchase inspections," the statement is false.  Scott Evaschuk never told me anything of the kind.

Plaintiffs apparently believe that a conflict exists between the testimony given by Mr. Gipe to the effect that he had not spoken to Evaschuk about the pre-purchase inspection and the statement in the affidavit to the effect that Evaschuk never told him that his company did not conduct pre-purchase inspections.

First, Mr. Peppler never asked Mr. Gipe whether Mr. Evaschuk ever told him that WCAE did not do pre-purchase

6

inspections, as Evaschuk claims in his affidavit. Second, the subject of ¶ 12 is whether Mr. Evaschuk is lying when he claimed that he told Mr. Gipe that WCAE did not do "pre-purchase" inspections. Mr. Gipe denies Mr. Evaschuk's claim. Mr. Gipe's statement in the affidavit is that Evaschuk did not tell him that WCAE did not do "pre-purchase" inspections. That is completely consistent with the testimony that he had never spoken to Mr. Evaschuk about the pre-purchase inspection. If Tom Gipe never spoke to Evaschuk about pre-purchase inspections, it stands that Evaschuk did not tell him that WCAE did not conduct them.

## Conclusion

The Motion to Strike should be denied.

## Certificate of Service

I HEREBY CERTIFY that on September 5, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: KENNETH C. WHALEN, ESQ., 3802 Bay to Bay Blvd., Suite 11, Tampa, FL 33622-1002 and THOMAS A. PEPPLER, ESQ., 4647 N. 32nd Street, Suite 115, Phoenix, AZ 85018-3345.

                        GEORGE R. McLAIN, CHARTERED

                        /s/ Daniel Joy
                        Daniel Joy

```
                         Florida Bar No. 119257
                         1800 Second St., Suite 717
                         Sarasota, FL  34236
                         (941) 365-4174
                         (941) 366-4741 (Fax)
                         e-mail:  joylawoff@hotmail.com
                         Attorney for Defendants,
                         American Aircraft Sales
                         International, Inc. and Gipe


COPY:    Mr. Charles Tolbert
         Mr. Thomas Gipe
```

8