## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

INTER-TEL, INC., et al.,

      Plaintiff,

vs.                                                  Case No. 8:04-CV-2224-17MSS

WEST COAST AIRCRAFT ENGINEERING, INC.;
SCOTT EVASCHUK; AMERICAN AIRCRAFT
SALES INTERNATIONAL, INC.; THOMAS GIPE

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RULE 11 SANCTIONS

This cause comes before the Court on the Defendant's Motion for Rule 11 Sanctions (Doc. No. 21), filed October 3, 2006, and response thereto (Doc. No. 110). For the reasons set forth, Defendant's Motion is **DENIED**.

## BACKGROUND

On October 7, 2004, Plaintiffs Inter-Tel, Inc. and Inter-Tel Technologies, Inc.[1] filed this action against Defendants, West Coast Aircraft Engineering, Inc. (West Coast), Scott Evaschuk (Evaschuck), American Aircraft Sales International, Inc. (American), and Thomas Gipe (Gipe), alleging breach of contract, violation of the Florida Deceptive and Unfair Trade Practices Act, breach of fiduciary and other common law or statutory duties, negligence, breach of express warranty, breach of implied warranty, and fraud that arose out of the sale of an aircraft (Dkt. 1). The dispute centers around a jet aircraft that was purchased by the Plaintiff from American. Prior to the purchase a pre-purchase inspection was supposed to have been performed by a third party, West Coast Aircraft Engineering, Inc. It appears that this pre-purchase inspection was never done. Whether the Defendant was aware that this pre-purchase inspection was not done is the ultimate issue to be decided in this case. The present issue is whether the filing of a Motion for Summary Judgment, despite some evidence that the defendants did not know that the inspection had not taken place, is grounds for Rule 11 Sanctions.

---

[1] Only Inter-Tel Technologies Inc. remains as plaintiff. Therefore, the order refers to the Plaintiff.

**DISCUSSION**

**Standard of Review for Rule 11 Sanctions:**

In filing a pleading in federal court, an attorney certifies that he or she has conducted a reasonable inquiry and that the pleading is well-grounded in fact, legally tenable, and presented for only a proper purpose. Fed. R. Civ P. 11. Specifically, Federal Rule of Civil Procedure 11 provides, in pertinent part, that

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to use unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the establishment of new law; (3) the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonablely based on a lack of information or belief.

Fed. R. Civ. P. 11.

In this Circuit, three types of conduct warrant Rule 11 sanctions: "1) when a party files a pleading that has no factual basis; 2) when a party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and 3) when a party files a pleading in bad faith or for an improper purpose." Gelles v. Skrotsky, 15 F. Supp. 2d 1293 (M.D. Fla 1998). As such, this Court would have to find that Plaintiff's allegations are false, that they knew that their legal arguments would obviously fail, or that they pled their actions with apparent bad faith.

The purpose of Rule 11 is to "discourage dilatory or abusive tactics and to help streamline the litigation process by lessening frivolous claims or defenses." Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987). When an attorney files a pleading that has no reasonable chance of success or files a pleading in bad faith for an improper purpose, Rule 11 sanctions should be imposed. Didie v. Howes, 988 F.2d 1097, 1104 (11th Cir. 1993).

"Because an objective standard of reasonableness under circumstances governs whether

Rule 11 has been violated, 'a federal district court is required to evaluate whether the motion, pleading, or other paper reflected what could reasonably have been believed by the signer at the time of the signing.'" Id. (quoting Aetna Ins. Co. V. Meeker, 953 F.2d 1328, 1334 (11th Cir. 1992)).

In moving for summary judgment, the Plaintiffs relied, in part, on the affidavit of Evaschuck. In the affidavit, Evaschuck states that he never performed a pre-purchase inspection of the aircraft and that Defendant American was aware that the pre-purchase inspection did not take place. The Defendants claim that the subsequent deposition of Evaschuk made it "crystal clear" that the facts in the motion for summary judgment were false.

This Court is required to apply the standard of review outlined above and finds that none of the allegations offered in the motion for summary judgment fall into any of the three types of conduct that warrant Rule 11 sanctions. The Court finds that Evaschuk's affidavit is sufficient factual basis for filing the motion for summary judgment. It is not necessary to examine the contradiction if any with Evaschuk's "clarifying deposition." The parties are free to present any perceived contradictions during trial to the trier of fact. The Plaintiff's motion for summary judgment was not based on a legal theory that had no reasonable chance of success nor is there any evidence that the pleading was filed in bad faith or for an improper purpose. Accordingly it is

**ORDERED** that Defendant's Motion for Rule 11 Sanctions (Doc. No. 21) be **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 4th day of April, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and Counsel of Record